**Opinion issued April 15, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-25-00072-CR

## NO. 01-25-00073-CR

———————————————

**JURON SHIMARK LOTT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 178th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1859389 & 1866259**

## MEMORANDUM OPINION

Appellant Juron Shimark Lott pleaded guilty to two counts of aggravated sexual assault of a child under the age of 14 years. *See* TEX. PENAL CODE § 22.021(a)(1)(B). In accordance with the terms of a plea-bargain agreement, the trial court signed a judgment of conviction in each cause, imposing a sentence of

15 years in the Correctional Institutions Division of the Texas Department of Criminal Justice, with sentences to run concurrently. Appellant filed pro se notices of appeal.

In a plea bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. CODE CRIM. PROC. art. 44.02; TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d).

Here, the trial court's certifications are included in the records on appeal. *See id.* The trial court's certifications state that these are both plea bargain cases and that the defendant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The records support the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because appellant has no right of appeal, we must dismiss these appeals. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss these appeals for want of jurisdiction. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Rivas-Molloy, Johnson, and Dokupil.

Do not publish.  TEX. R. APP. P. 47.2(b).